**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**BRANDI CORMIER**                        **CASE NO.  6:25-CV-00249**

**VERSUS**                                **JUDGE JAMES D. CAIN, JR.**

**LOWES HOME CENTER L L C ET AL**         **MAGISTRATE JUDGE DAVID J. AYO**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 43] filed by defendant Lowe's Home Centers, LLC ("Lowe's"). Plaintiff Brandi Cormier opposes the motion. Doc. 45.

### I.
### BACKGROUND

This suit arises from injuries allegedly suffered by plaintiff at a Lowe's store in Lafayette, Louisiana, on September 4, 2023. Plaintiff, a patron at the store, alleges that she was shopping at the garden center for potting soil. Doc. 1, att. 2, ¶ 4. The bags of potting soil were stacked to shoulder height. *Id.* Unable to locate an employee for assistance, she attempted to load a bag into her cart but the bag toppled onto her and caused injury. *Id.* She thus filed suit against Lowe's in state court, raising claims under the Louisiana Merchant Liability Act.

Lowe's removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is set for jury trial before the undersigned on October 13, 2026. Doc. 42. Lowe's now moves for summary judgment, arguing that plaintiff cannot

recover under Louisiana jurisprudence because her own testimony establishes that she caused the merchandise to fall. Doc. 43. Plaintiff opposes the motion. Doc. 45.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. The statute provides, in relevant part:

> (A) A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
> (B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> >  (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> >  (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> >  (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.* The heightened burden under La. R.S. 9:2800.6(B) applies only when a customer "falls" on a merchant's premises. *Davis v. Wal-Mart Stores, Inc.*, 774 So.2d 84, 90 (La. 2000) (citing *Smith v. Toys "R" Us, Inc.*, 754 So.2d 209 (La. 1999)). In cases like this one, where the customer is injured by falling merchandise, "the standard is that the merchant must use

reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury." *Id.* Accordingly, the plaintiff must show "(1) he or she did not cause the merchandise to fall; (2) that another customer in the aisle at that moment did not cause the merchandise to fall; and (3) that the merchant's negligence was the cause of the accident." *Id*. To prove the merchant's negligence, the plaintiff "must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall." *Id.*

Lowe's argues that plaintiff's claims must fail because she "admitted that she herself lifted the bag of potting soil off the shelf, thereby causing it to fall." Doc. 43, p. 1. As plaintiff notes, however, courts have held that the fact that a plaintiff handled the falling merchandise does not foreclose the possibility that the merchant had a role in the object's fall. *See Bazar v. Home Depot USA, Inc.*, 2010 WL 11575046, at *1 (M.D. La. Jun. 9, 2010) (collecting cases). Plaintiff also maintains, based on her testimony and that of the store manager, that the heaviness of the bag and the unavailability of other employees to assist her—both attributable to Lowe's—caused the accident. Specifically, she testified that she looked around the garden center for two or three minutes to locate a Lowe's employee to help her but none was present in the area. Doc. 45, att. 1, pp. 20–21, 50–51. When she removed the bag from its waist-high position, the unexpected weight caused her to fall to the concrete floor. *Id.* at 24–25. Afterward, the manager apologized and explained that the store was short-staffed due to the Labor Day weekend. *Id.* at 20–21. Plaintiff

weighed the bag of potting soil after the accident and found that it was 61.2 pounds, even though it was marked as 30 pounds. *Id.* at 51–53; doc. 45, att. 2.

Carl Marceaux, manager of the store, testified that potting soil is kept inside the garden center on pallets. Doc. 45, att. 3, p. 43. Lowe's does not check the weights of bags when they are stocked. *Id.* at 32. The bags are exposed to rain and he does not dispute that the bag plaintiff purchased could have been heavier than it was marked. *Id.* at 41, 47. Marceaux testified that customers have multiple ways to ask for employee help, including asking a cashier to page for assistance, going to the service desk, or pressing a call button inside the store. *Id.* at 61. But Lowe's has no policies for identifying when a bag is too heavy such that customers should be warned not to retrieve it without employee assistance. *Id.* at 47, 61.

A merchant must exercise reasonable care in displaying and stacking merchandise, taking into account the way customers will handle it in order to prevent foreseeable accidents. *See Bazar*, 2010 WL 11575046 at *2 (summary judgment denied where defendant stacked tar paper rolls standing straight up and without a chain, such that removing the first roll could cause the second to fall); *see also King v. Toys "R" Us-Delaware, Inc.*, 806 So.2d 969, 974 (La. Ct. App. 2d Cir. 2002) (employees should have considered fact that children would touch or lean on shelves when stocking toy store); *Stepherson v. Wal-Mart Stores, Inc.*, 785 So.2d 950, 955 (La. Ct. App. 2d Cir. 2002) (defendant's method of displaying dumbbells created an unreasonable risk of harm when customer handled them as anticipated). Here, however, the court can find nothing unreasonably dangerous about pallets of potting soil available for self-service at a garden

center. A reasonably prudent customer should have tested the weight before attempting to load the item into her cart and should have sought assistance through one of the numerous channels available if it was too heavy. *Cf. Rule v. Wal-Mart La., LLC*, 2025 WL 479401, at \*4–\*5 (W.D. La. Feb. 11, 2025) (defendant potentially liable for customer's accident when he attempted to lift a bicycle stocked on a high shelf, after unsuccessfully seeking assistance for thirty to forty-five minutes). It is also self-evident that bags of soil stored outside may become waterlogged and heavy. Lowe's cannot be held liable because the undisputed evidence shows that Lowe's was not negligent in its display of the merchandise and plaintiff caused the accident herself in her failure to exercise reasonable care.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 43] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of July, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

Page 6 of 6